# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **DEBORAH JENNINGS,** | § § § § § § § § § § § § | **Civil Action No.:** |
| Plaintiff, | | |
| v. | | |
| **PREMIER RECOVERY GROUP, INC.,** | | **JURY TRIAL DEMANDED** |
| Defendant. | | |

## COMPLAINT

DEBORAH JENNINGS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PREMIER RECOVERY GROUP, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Texas Debt Collections Practices Act, Tex. Fin. Code Ann. § 392.301 *et seq.* ("TFDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Texas and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Melissa, Texas 75454.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §153(39).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See §1692 (k)(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant is a debt collection company with its corporate headquarters located at 191 North Street, Suite 110, Buffalo, NY 14201.

10. At all relevant times, Defendant acted as a "debt collector" within the

meaning of 15 U.S.C. § 1692(a)(6) and Tex. Fin. Code Ann. § 392.001(6); and, Defendant attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5) and Tex. Fin. Code Ann. § 392.001(2).

11. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

12. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. Plaintiff has a cellular telephone number.

15. Plaintiff has only used this phone as a cellular telephone.

16. Beginning in or around July 2016 and continuing thereafter, Defendant placed repeated calls to Plaintiff's cellular telephone in order to contact a third party named Mary Nettles.

17. Defendant placed calls from phone numbers, including but not limited to the following: (866) 369-7991.

18. Defendant placed automated calls to Plaintiff's cellular telephone that began with a prerecorded message before the calls were transferred to collectors.

19. Defendant's calls were not for emergency purposes.

20. Plaintiff told Defendant they were calling a wrong number and requested that the calls stop when calls began in July 2016.

21. Defendant heard and acknowledged Plaintiff's request to stop calling.

22. Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

23. Defendant failed to restrict its calls to Plaintiff's cellular telephone and continued to call Plaintiff through October 2016.

24. These calls were frustrating and annoying for Plaintiff, particularly since Defendant would call Plaintiff while she was at work.

25. After Plaintiff's requests to stop the calls were ignored by Defendant's collectors, she had no other option but to block calls from Defendant's number.

## COUNT I
## DEFENDANT VIOLATED §§1692d and 1692d(5) OF THE FDCPA

26. A debt collector violates §1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

27. A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or

continuously with intent to annoy, abuse, or harass any person at the called number.

28. Here, Defendant violated §§1692d and 1692d(5) of the FDCPA by placing repeated harassing telephone calls to Plaintiff's cellular telephone and continuing to call even after Plaintiff told Defendant they were calling a wrong number and requested the calls stop.

## COUNT II
## DEFENDANT VIOLATED § 392.302(4) OF THE TFDCPA

36. A debt collector violates § 392.302(4) of the TFDCPA by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

37. Defendant violated § 392.302(4) of the Texas FDCPA by causing Plaintiff's cellular telephone to ring repeatedly or continuously with the intent of annoying and harassing her, and continuing to call her even after it knew it was calling the wrong party and she requested the calls cease.

## COUNT III
## DEFENDANT VIOLATED THE TCPA

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

31.     Defendant's calls to Plaintiff were not made for emergency purposes.

32.     Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

33.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

34.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, DEBORAH JENNINGS, respectfully prays for a judgment as follows:

    a.     All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.     Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b);

  d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

  e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

  f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

  g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

  h. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DEBORAH JENNINGS, demands a jury trial in this case.

                RESPECTFULLY SUBMITTED,

Date: November 11, 2016    By: /s/ Amy L. Bennecoff Ginsburg
                Amy L. Bennecoff Ginsburg, Esq.
                Kimmel & Silverman, P.C.
                30 East Butler Pike
                Ambler, PA 19002
                Phone: (215) 540-8888
                Facsimile: (877) 788-2864
                Email: aginsburg@creditlaw.com